RECEIVED
IN LAKE CHARLES, LA.
AUG - 4 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2: 07 CR 20101-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| LAWRENCE HUMPHREY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

Humphrey[1] objects to ¶¶ 50 and 51 of the PSR. ¶50 describes an arrest on November 29, 2000, for Illegal Possession of Stolen Things between $300.00 and $500.00, charged in the 14th Judicial District Court ("JDC"), Lake Charles, Docket Number 2594-01. ¶51 describes an arrest on January 17, 2001, for Simple Robbery, charged in the 14th JDC, Lake Charles, Docket Number 6483-01. Humphrey argues that since the charges were concurrent in state court, these should be counted as one conviction. In essence, the defendant is arguing that these offenses should have been consolidated pursuant to §4A1.2.

The Sentencing Guidelines provide that, in assessing a defendant's criminal history points, "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a),(b), and (c)." U.S.S.G. § 4A1.2(a)(2). The commentary to the U.S.S.G. § 4A1.2 defines "related cases" as follows:

---

[1] These objections have been made by the defendant are have not been made by defense counsel.

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, cmt. n. 3.

In the instant case the offenses were not related as the offenses were separated by intervening arrests. *See* § 4A1.2, comment .(n.3); *see also U.S. v. Hernandez-Antonio*, 2006 WL 3794334, *1 (C.A.5 (Tex. (C.A.5 (Tex.),2006); *United States v. Hunter*, 323 F.2d 1314, 1322-23 (11th Cir.2003). This objection IS OVERRULED.

Humphrey objects to the grouping of counts in the PSR. §3D1.1 of the USSG sets forth the procedure for determining the offense level on multiple counts:

> **(a)** When a defendant has been convicted of more than one count, the court shall:
>
> > **(1)** Group the counts resulting in conviction into distinct Groups of Closely Related Counts ("Groups") by applying the rules specified in § 3D1.2.
> >
> > **(2)** Determine the offense level applicable to each Group by applying the rules specified in § 3D1.3.
> >
> > **(3)** Determine the combined offense level applicable to all Groups taken together by applying the rules specified in § 3D1.4.
>
> **(b)** Exclude from the application of §§ 3D1.2-3D1.5 the following:
>
> > **(1)** Any count for which the statute (A) specifies a term of imprisonment to be imposed; and (B) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment. Sentences for such counts are governed by the provisions of § 5G1.2(a).

2

> **(2)** Any count of conviction under 18 U.S.C. § 1028A. See Application Note 2(B) of the Commentary to § 5G1.2 (Sentencing on Multiple Counts of Conviction) for guidance on how sentences for multiple counts of conviction under 18 U.S.C. § 1028A should be imposed. USSG, § 3D1.1, 18 U.S.C.A.

Application note 1 states that for purposes of sentencing multiple counts of conviction, counts can be (A) contained in the same indictment or information; or (B) contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding. USSG, § 3D1.1, 18 U.S.C.A.

Application note 2 states:

> Subsection (b)(1) applies if a statute (A) specifies a term of imprisonment to be imposed; and (B) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment. See, e.g., 18 U.S.C. 924(c) (requiring mandatory minimum terms of imprisonment, based on the conduct involved, to run consecutively). The multiple count rules set out under this Part do not apply to a count of conviction covered by subsection (b). However, a count covered by subsection (b)(1) may affect the offense level determination for other counts. For example, a defendant is convicted of one count of bank robbery (18 U.S.C. 2113), and one count of use of a firearm in the commission of a crime of violence (18 U.S.C. 924(c)). The two counts are not grouped together pursuant to this guideline, and, to avoid unwarranted double counting, the offense level for the bank robbery count under § 2B3.1 (Robbery) is computed without application of the enhancement for weapon possession or use as otherwise required by subsection (b)(2) of that guideline. Pursuant to 18 U.S.C. 924(c), the mandatory minimum five-year sentence on the weapon-use count runs consecutively to the guideline sentence imposed on the bank robbery count. See § 5G1.2(a).

In the case at bar, Counts One and Two were grouped pursuant to §3D1.2(d). Counts Two and Three involve the same conduct and were grouped pursuant to §3D1.2(c). When counts are grouped together under §3D1.2 (a)-(d), the Guideline and/or group yielding the highest offense level is used. §3D1.3. Accordingly, the groupings in the PSR are correct and this objection is OVERRULED.

The defendant states that he "fully objects" to page 5, ¶22, but fails to provide a specific and detailed objection, therefore this objection is OVERRULED.

The defendant states that he "fully objects" to page 6, ¶30. Although the defendant did not provide details of his objection, defense counsel indicated in a letter to Probation that Humphrey objects to being assessed a two level increase because he was never charged with possessing a stolen firearm.

The enhancement under § 2K2.1(b)(4) applies whether or not Humphrey knew or had reason to believe that the firearm was stolen. *See United States v. Singleton,* 946 F.2d 23, 27 (5th Cir.1991); § 2K2.1, comment (n.19). Humphrey may introduce rebuttal evidence to refute the facts in the PSR at his sentencing hearing. If Humphrey does not introduce such evidence, this court is justifies in adopting the facts in the PSR and in increasing Humphrey's offense level under § 2K2.1(b)(4). *United States v. Leon-Gonzalez,* 2000 WL 960099, 1 (5th Cir. ,2000); *United States v. Sherbak,* 950 F.2d 1095, 1099-1100 (5th Cir.1992). Absent evidence to refute the PSR, this objection is OVERRULED.

The defendant states that he "fully objects" to page 9, ¶39. Although the defendant did not provide details of his objection, defense counsel indicated in a letter to Probation that Humphrey objects to being assessed a four-level increase for possessing a firearm while committing a felony offense because he was not indicted on that count.

U.S.S.G. § 2K2.1(b)(6) provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense ... increase by four levels." The PSR indicates that officers arrested the armed defendant while he was in the residence located next door to his

mother's residence. He had made an unauthorized entry and had ta stolen pistol in his possession while doing so. U.S.S.G. § 2K2.1(b)(6). See *United States v. Coleman*, 2010 WL 2388421 (5th Cir. 2010). This objection is OVERRULED.

Lake Charles, Louisiana, this ___8___ day of July, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE