RECEIVED
IN LAKE CHARLES, LA.

SEP 16 2014

TONY R. MOORE, CLERK
BY _____
DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:07CR20101-001** |
| **VS.** | : | **JUDGE MINALDI** |
| **LAWRENCE HUMPHREY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Vacate, Set Aside or Correct Sentence (Rec. Doc. 135) pursuant to 28 U.S.C. §2255 filed by the defendant, Lawrence Humphrey. The Government filed an Answer (Rec. Doc. 142) and the defendant filed a Reply (Rec. Doc. 144).

## PROCEDURAL HISTORY[1]

On November 14, 2007, a federal grand jury returned an indictment charging the defendant with two counts (Counts 1 and 2) of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and one count (Count 3) of Possession of a Firearm with an Obliterated Serial Number in violation of 18 U.S.C. § 922(k). On December 13, 2007, on motion of defense counsel, the defendant was committed to the custody of the Attorney General for an evaluation to determine his competency to stand trial. (Rec. Doc. 9). On May 8, 2008, a psychiatric report prepared by a BOP psychologist was filed. The psychologist found the defendant incompetent to stand trial. (Rec. Doc. 12-Sealed).

On June 10, 2008, pursuant to a recommendation issued after an examination at the Federal

---

[1] As summarized by the Government.

Correctional Institution in Ft. Worth, Texas, the Court issued an order committing the defendant to the custody of the Attorney General for treatment. (Rec. Doc.14-Sealed).   On May 11, 2009, a Certificate of Restoration of Competency to Stand Trial was filed by BOP. The evaluation with the Certificate provided that at the time of the alleged offenses, the defendant was "able to appreciate the nature, quality, and wrongfulness of his conduct." (Rec. Doc. 19-Sealed). Defense counsel obtained an independent competency evaluation, and on February 23, 2010, a doctor issued a report in which he also concluded that the defendant was competent to stand trial. (Rec. Docs. 35, 51-Sealed).

On April 12, 2010, before the trial started, the Court addressed the issue of the defendant's competency to proceed.  After confirming with counsel that the defendant was competent, and after referring to the multiple evaluations that were filed in the record under seal, the Court stated that the issue was resolved. (4/12/10-Supp. Trans. at p. 35).   The case proceeded to trial, and the defendant testified. He was found guilty of all counts. (Rec. Doc. 53).

On August 4, 2010, the defendant was sentenced to 120 months on counts 1 and 2 to run consecutively with each other and to 60 months on count three to run concurrently with the other sentences. The defense counsel asked the Court to sentence the defendant under 18 U.S.C. § 4244 in order for the defendant to obtain the necessary mental health treatment.   (Rec. Doc. 69).

On August 17, 2010, the Court issued an order providing that the defendant was incompetent to be sentenced, vacated the earlier judgment and committed the defendant to the custody of the BOP for a provisional term of 240 months. (Rec. Doc. 73-Sealed). After the receipt of a report from a BOP facility stating that the defendant's mental health problems were in remission and that there was "no obvious need for [Humphrey] to continue to be housed in a specialized medical health facility"

2

for treatment, the Court issued an order setting either a competency hearing or sentencing hearing depending on whether defendant was found competent to proceed. (Rec. Docs. 94, 95).

On September 29, 2011, the Court first determined that the defendant was competent to proceed and then imposed the same sentence previously imposed. The defendant was sentenced to 120 months on counts 1 and 2 to run consecutively and to 60 months on count 3 to run concurrently with the sentences in counts 1 and 2 with three years of supervised release to run concurrently. (Rec. Doc. 105). On November 5, 2012, the United States Court of Appeals for the Fifth Circuit affirmed the district court's judgment. (Rec. Doc. 125). In October of 2013, the United States Supreme Court denied the defendant's petition for writ of certiorari. (Rec. Doc. 134). The defendant filed the instant motion on May 29, 2014. (Rec. Doc. 135).

## FACTS

On July 13, 2007, while patrolling a housing project, Lake Charles police officers encountered the defendant with whom they were familiar and whom they knew was not a resident of the project. The defendant who had been previously convicted of a felony had a loaded revolver in his pocket and advised the officers he always carried a weapon.

On August 3, 2007, while on bond for the above-described offense, the defendant attempted to enter a residence and was carrying a loaded revolver with an obliterated serial number. The defendant appeared confused and claimed he was being chased, although the officers saw nobody in the vicinity of the defendant. (Trial Tr.).

## LAW

" 'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[2]

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid,* 937 F.2d 228, 231 (5th Cir.1991) ( *en banc* ). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler,* 37 F.3d 1131, 1133 (5th Cir.1994) (citing *Shaid,* 937 F.2d at 232); *United States v. Walker,* 68 F.3d 931, 934 (5th Cir.1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255.[3] *See Segler,* 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495–6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States,* 523 U.S. 614, 620–2, 118 S.Ct. 1604, 1610–1611 (1998); *United States v. Ward,* 55 F.3d 412, 414 (5th Cir.1995); *Shaid,* 937 F.2d at 232; *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.1992); *United States v. Hicks,* 945 F.2d 107, 108 (5th Cir.1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid,* 937 F.2d

---

[2] *United States v. Segler,* 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

[3] In his Reply brief, the defendant reiterates his arguments that his counsel was ineffective for failing to object to a four level enhancement for using or possessing a firearm, for failing to preserve for appeal the assessing of a two level enhancement for possession of a stolen firearm, and for an inaccurate criminal history computation.

at 232.  *United States v. Reynoso* L 949831, 2 -3 (W.D.La., 2013).   An error of law does not provide

a basis for habeas relief under 28 U.S.C. § 2255 unless it constitutes " 'a fundamental defect which

inherently results in a complete miscarriage of justice.' "  *United States v. Timmreck,* 441 U.S. 780,

783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428,

82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

   In the case at bar, Humphrey's arguments concerning the validity of his sentence have either

already been litigated or they are procedurally barred.  His challenge of the guidelines and the

calculation of his criminal history are arguments not cognizable in a §2255 motion.  His argument

concerning "recency" was raised on direct appeal and cannot be reviewed further in this §2255.

   Humphrey argues ineffective assistance of counsel.  Evaluating whether counsel was

ineffective is subject to the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The test requires first, "a showing that counsel made errors so

serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and

second, a showing that the deficient performance so prejudiced the defense that the defendant was

deprived of a fair and reasonable trial.[4]  The burden that *Strickland* poses on a defendant is severe.[5]

   One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to

demonstrate that counsel's representation fell below an objective standard of reasonableness as

measured by prevailing professional standards.[6]  Given the almost infinite variety of trial techniques

---

   [4]   *Uresti v. Lynaugh,* 821 F.2d 1099, 1101  (5th Cir. 1987) (quoting *Strickland,* 466 U.S. at  687, 104 S.Ct. at 2064);  *United States v. Gibson,* 985 F.2d 212, 215 (5th Cir. 1993).

   [5]   *Proctor v. Butler,* 831 F.2d 1251, 1255 (5th Cir. 1987).

   [6]   *Martin v. McCotter,* 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.,* 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[7]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[8] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[9]

Humphrey must establish that the alleged deficient performance by his counsel prejudiced his defense.[10] He  has not succeeded in making this showing.[11]  Humphrey argues that his counsel was ineffective in failing to investigate and raise an insanity defense at trial, but at resentencing he said that he "did not want to play this role" indicating that he considered himself competent. As pointed out by the Government, Humphrey cannot insist he is sane and then insist his counsel raise an insanity defense.

---

[7]    *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[8]    *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[9]    *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

[10]    *Mullins,* 315 F.3d at 456.

[11]    *U.S. v. Araujo,* 77 Fed.Appx. 276, 278, 2003 WL 22316865, 1 (5th Cir., 2003).

6

As to the second prong of the *Strickland* test, to establish prejudicial error the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Humphrey argues that his counsel did not investigate his mental condition. Counsel has a duty to make a reasonable investigation of a defendant's case and to make a reasonable decision that an investigation is necessary. *Strickland*, 466 U.S. at 691. The Fifth Circuit has held that where a defendant had a clinically recognized mental disorder that implicated the defendant's only defense and defendant's counsel had reason to believe an investigation was warranted, the decision not to pursue an insanity defense was not a tactical decision and constituted ineffective assistance. *Bouchillon*, 907 F.2d at 595. However, " *Bouchillon* does not articulate a *per se* rule that an attorney who fails to investigate the possibility of mental defects or organic brain damage fails the first Strickland prong." *Simmons v. Epps*, 381 F. App'x 339, 349 (5th Cir.2010). The Fifth Circuit limited the holding in Bouchillon to the particular facts of the case noting that, as to the duty to investigate, counsel cannot depend on "his or her own evaluation of someone's sanity once he has a reason to believe an investigation is warranted because, where such a condition exists, the defendant's attorney is the sole hope that it will be brought to the attention of the court." *Id.* at 596.

To support a claim of inadequate investigation, the defendant must specify what additional investigation would be required and why the additional evidence would have made a difference in the outcome of the case. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir.2005). Absence of factual information supporting the defendant's claim may preclude any conclusion that counsel's decision

was unreasonable.[12] Conclusory allegations that counsel's representation was ineffective because of the failure to investigate are insufficient. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir.1994). Humphrey did not elaborate on what an investigation into his sanity would have revealed or how it would have changed the outcome of his case.

The defendant points to defense counsel's failure to ask the defendant certain questions when the defendant was on the stand. During the sentencing hearing the defendant brought up defense counsel's failure to ask him the questions he requested at trial and the Court stated "you haven't shown to me in any way that he's ineffective. If it is just because he won't ask you certain questions, that's not showing that to me. He's protecting you by doing that." (Sentencing- August 4, 2010, p. 7). The decision to object or not to object during trial is strategic. Humphrey has not established that the failure to ask specific questions was not a strategic decision.[13]

The defendant makes the unsubstantiated allegation that his attorney would not assist him once defendant would not "play crazy." *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"). As the Court mentioned at the sentencing on August 4, 2010, the attorney assiduously represented the defendant. The Court stated, "I can tell you in no uncertain terms he's doing his best, and his best is darn good." (Sentencing- August 4, 2010, p. 8). The defendant fails to meet either the "objectively unreasonable" prong or "that his attorney's unreasonable actions resulted in prejudice"

---

[12] *See United States v. Faubion*, 19 F.3d 226, 231 (5th Cir.1994); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir.1994); *Black v. Collins*, 962 F.2d 364, 404 (5th Cir.1992); *Furet v. United States*, 2011 WL 335100 at *9 (S.D.Tex. Jan. 28, 2011).

[13]     *Strickland*, 104 S.Ct. at 2065-66.

prong from the test set forth by *Strickland.*

The defendant also claims that his attorney was ineffective for failing to present diminished-capacity as a basis for a less severe sentence and that his attorney filed a memorandum pursuant to 18 U.S.C. § 4244 without his knowledge. To show that an attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the defendant must demonstrate that counsel's error led to some increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005). The defendant has not established that he would be eligible for any type of mitigation for diminished capacity. The Court was well aware of his mental health issues. The defendant objects to a memorandum pursuant to 18 U.S.C. § 4244 because it was filed without his knowledge; however, that motion was to ensure that the defendant could be placed in a facility which could properly address any mental disease or defect from which he may have been suffering. (Sentencing- August 4, 2010, p. 8). Defendant fails to show how this could have been "objectively unreasonable" or "prejudicial."

Accordingly, for the reasons set forth herein, Humphrey's §2255 motion will be denied. Lake Charles, Louisiana, this ____ day of September, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE