UNITED STATES DISTRICT COURT  b

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 2:07-CR-20101 |
| VERSUS | JUDGE JAMES |
| LAWRENCE HUMPHREY | MAGISTRATE JUDGE PEREZ-MONTES |

*DE NOVO* REPORT AND RECOMMENDATION

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Lawrence Humphrey ("Humphrey") (Doc. 168), and a Motion for Discovery (Doc. 169). Because Humphrey failed to seek and obtain permission from the United States Fifth Circuit Court of Appeals to file his § 2255 Motion, the § 2255 Motion (Doc. 168) should be dismissed without prejudice, and the Motion for Discovery (Doc. 169) should be denied.

I.  **Background**

In 2010, Humphrey was convicted by a jury in the Lake Charles Division of the United States District Court for the Western District of Louisiana, on two counts of possession of firearms by one previously convicted of a felony and one count of possession of a revolver with an obliterated serial number (Doc. 20). Humphrey was sentenced to a total of 240 months of imprisonment (Doc. 120).[1] Humphrey's sentences were affirmed on direct appeal by the United States Court of Appeals for

---

[1] Humphrey was resentenced twice to the same sentences originally imposed (Docs. 60, 69, 70, 120).

the Fifth Circuit (Doc. 125), and the United States Supreme Court denied his application for writ of certiorari (Doc. 134).

Humphrey filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in 2014 (Doc. 135). The motion was denied (Doc. 146), and Humphrey's appeal of that ruling was dismissed as moot (Docs. 160, 165).

Humphrey filed his second § 2255 motion in 2018 (Doc. 168). A Report and Recommendation was issued, recommending that Motion be dismissed as successive (Doc. 170). Humphrey filed an objection to the Report and Recommendation (Doc. 171). The case was subsequently reassigned, and the undersigned was ordered to issue a *de novo* Report and Recommendation on Humphrey's § 2255 motion (Docs. 172, 173).

The sole ground raised by Humphrey in his second § 2255 motion is whether the Government's alleged failure to disclose the District Judge's degenerative brain disorder, and the "favors" the Lake Charles Police "owed" to the District Judge, violated Humphrey's right to Due Process (Doc. 168).[2] Humphrey contends this claim is based on "newly-discovered evidence" (Doc. 168, p. 20/23).

---

[2] Humphrey is not attacking the ruling on his previous § 2255 motion. Humphrey's brief shows he is attacking his conviction and sentence, alleging newly-discovered evidence. Therefore, this is not a Fed. R. Civ. P. rule 60(b) motion. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005) (although Rule 60(b) does not apply to criminal judgments, district courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings so long as the motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the habeas proceedings).

II.   Law and Analysis

Humphrey did not seek authorization from the Fifth Circuit to file a second or successive § 2255 motion.

Section 2255(h) states:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order to file a second or successive application[3] with the district court, 28 U.S.C. § 2244(b)(3) provides that an applicant must *first* obtain authorization and certification from the court of appeals.

Section 2244(b)(3)(A) provides the certification procedure: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*" (Emphasis added).  The Fifth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the

---

[3] The bar on a second or successive petition applies to a later-in-time petition that challenges the same judgement imposing the same sentence as an earlier-in-time petition. See Burton v. Stewart, 549 U.S. 147, 156 (2007).

requirements of 2244(b). See 28 U.S.C. § 2244(b)(3)(C). That determination, and certification, is made by a three-judge panel of the court of appeals before the successive motion is filed in a district court. See §§ 28 U.S.C. § 2255(h); 2244(b)(3)(B).

Therefore, to be successful, Humphrey's motion for authorization and certification must make a prima facie showing that either (1) his claim relies on a new rule a constitutional law that was made retroactive by the United States Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence, and the underlying facts, if proved by clear and convincing evidence, would be sufficient to establish that a reasonable trier of fact would not have found the applicant guilty of the underlying offense. See 28 U.S.C. § 2255(h).

Petitioner has not sought and obtained permission from the Fifth Circuit to file his successive 2255 motion.

Because the Fifth Circuit has not issued an order authorizing this Court to consider Humphrey's second § 2255 motion, the Court lacks subject matter jurisdiction to consider the motion. Therefore, Humphrey's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be dismissed without prejudice.

### III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Humphrey's § 2255 motion (Doc. 168) be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that Humphrey's Motion for Discovery (Doc. 169) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __25th__ day of July, 2018.

                                                Joseph H.L. Perez-Montes
                                                United States Magistrate Judge