UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:07-CR-20101-01 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| LAWRENCE HUMPHREY (01) | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM RULING

Before the court is a Motion to Dismiss Indictment [doc. 195] filed by defendant Lawrence Humphrey based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). The government opposes the motion. Doc. 201.

I.
BACKGROUND

The defendant was charged in this court with firearms charges, including violations of 18 U.S.C. § 922(g)(1) (felon in possession) and § 922(g) (possession of a firearm with an obliterated serial number). Doc. 1. Following a jury trial, he was convicted and sentenced to two consecutive 120-month terms of imprisonment on the felon in possession convictions and one concurrent 60-month term on the obliterated serial number conviction. Docs. 73, 120. He has since challenged his conviction through an appeal and a motion under 28 U.S.C. § 2255. Docs. 125, 145.

Defendant, who is still incarcerated, now brings this *pro se* motion to dismiss his indictment. He asserts that the Supreme Court's decision in *Bruen* renders his convictions under 18 U.S.C. § 922(g) unconstitutional. Doc. 195. The government opposes the motion, arguing that defendant is procedurally barred from raising these constitutional issues and that *Bruen* at any rate has no impact on the constitutionality of § 922(g). Doc. 201.

## II.
## LAW & APPLICATION

As to the government's procedural objections, the court notes that defendant's challenge is in essence a second or successive § 2255 motion. Accordingly, he may only proceed if he obtains authorization from the Fifth Circuit and the district court lacks jurisdiction to consider his claims. *United States v. Quintero*, 451 F. App'x 408, 409 (5th Cir. 2011); *In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000). When faced with an unauthorized successive § 2255 motion, the district court may, at its discretion, transfer the matter to the appeals court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997). The Fifth Circuit, however, will only authorize the motion if the movant shows that his claims are based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(C); *Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001).

The Second Amendment challenge in *Bruen* involved a New York licensing regime under which an applicant for a public carry handgun license must demonstrate a special need for self-defense. The Court rejected that standard, expanding on *D.C. v. Heller* to hold that the Second Amendment protected an individual's right to possess a gun outside the home as well as inside it. 142 S.Ct. at 2122–23. But both the Supreme Court and the Fifth Circuit have affirmed the constitutionality of § 922(g)(1)'s prohibition on a felon's possession of firearms under *Heller*.[1] The expansion of Second Amendment protections to public carry rights for law-abiding citizens therefore provides no basis for revisiting § 922(g)(1), which forbids felons from possessing a firearm with no restriction as to place. *Accord Shipley v. Hijar*, 2023 WL 353994 (W.D. Tex. Jan. 20, 2023). As over a hundred courts in the Fifth Circuit have affirmed, *Bruen* does not create a new rule of constitutional law calling into question the constitutionality of § 922(g)(1) convictions. *See United States v. Bazile*, 2023 WL 7112833, at *3–*4 (E.D. La. Oct. 27, 2023) (collecting cases); *see also United States v. Coleman*, 2023 WL 5925544 (5th Cir. 2023) (denying a certificate of appealability on a *Bruen* § 2255 motion following a § 922(g) conviction). Accordingly, the court finds no likelihood that defendant will succeed with his challenge and declines to transfer the matter for authorization.

---

[1] *See United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003) (holding that § 922(g)(1) "does not violate the Second Amendment"); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (noting historical limits on the rights secured by the Second Amendment, and emphasizing that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (reaffirming constitutionality of § 922(g)(1) in light of *Heller*).

## III.
### CONCLUSION

For the reasons stated above, the court will **DENY** the Motion to Dismiss Indictment [doc. 195].

**THUS DONE AND SIGNED** in Chambers on the 20th day of December, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**